**FILED**
**Jan 16, 2019**
**11:46 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **TAURIS JONES,** | ) | **Docket No. 2017-08-1357** |
| **Employee,** | ) | |
| **v.** | ) | |
| **GREENHECK FAN CORP.,** | ) | **State File No. 36481-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **SENTRY CASUALTY CO.,** | ) | **Judge Deana Seymour** |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED MEDICAL BENEFITS

Tauris Jones requested additional medical benefits for a back injury that Greenheck Fan Corporation (Greenheck) denied upon investigation.[1] The Court considered this claim at an Expedited Hearing on December 19, 2018, and holds Mr. Jones did not present sufficient evidence that he would likely prevail at a hearing on the merits. Thus, the Court denies his request for medical benefits.

### History of Claim

Mr. Jones worked as a test tank operator for Greenheck. He claimed that he injured his low back while moving a coil on April 27, 2016. No one witnessed the incident, and Mr. Jones completed his shift without reporting an injury.

The next morning, Mr. Jones experienced tightness in his low back with pain into his left leg. However, he worked his full shift. The following day, he went to the emergency room with worsening left leg pain but reported no specific injury. Mr. Jones returned to the emergency room the next three days with continuing complaints. He later underwent an MRI that revealed a herniated disk.

---

[1] The dispute certification notice listed temporary disability benefits (TTD) as an issue. However, Mr. Jones withdrew his TTD claim.

After his diagnosis, Mr. Jones notified Greenheck's human resource generalist, Renee Sisk, of his work injury. She provided a panel from which Mr. Jones selected Dr. Clarey Dowling for authorized treatment. Dr. Dowling confirmed the disk herniation and referred him for a surgical evaluation.

Mr. Jones selected Dr. Sam Schroerlucke from an orthopedic panel. Dr. Schroerlucke diagnosed a herniated disk and recommended surgical repair. At that point, Greenheck denied additional treatment, stating that recently-discovered evidence did not support a work-related accident.

Mr. Jones filed a Petition for Benefit Determination and requested this Expedited Hearing. He relied on Dr. Schroerlucke's deposition testimony to support his claim.

Dr. Schroerlucke saw Mr. Jones once, reviewed his diagnostic studies, and recommended surgery. He testified that Mr. Jones's work injury caused his herniated disk. Dr. Schroerlucke stated that Mr. Jones denied back pain before his work injury but experienced severe pain down his left leg immediately after the injury. He explained that the accuracy of his causation opinion depends on the truthfulness of the history provided by Mr. Jones.

At his deposition, Dr. Schroerlucke reviewed Mr. Jones's medical records for the first time and identified several inconsistencies. For instance, one provider noted that Mr. Jones reported a sudden onset of symptoms lasting one day, while another provider noted a gradual onset of pain with a two-month duration. Dr. Schroerlucke also stated that the other providers did not mention that Mr. Jones reported shooting pain down his left leg related to a specific incident. Dr. Schroerlucke agreed that his causation opinion "lives and dies" on the accuracy of the information Mr. Jones provided.

Greenheck retained Dr. Samuel Murrell to perform an independent medical evaluation. After taking a medical history, reviewing medical records, and performing a physical examination, Dr. Murrell concluded that Mr. Jones had a herniated lumbar disk. Initially, Dr. Murrell believed a work injury caused the disk herniation because Mr. Jones said he was moving a coil when he felt a sharp pain in his back and pull in his left leg. However, his review of the medical records revealed the same inconsistencies noted by Dr. Schroerlucke, plus others.

Mr. Jones denied that these medical records accurately reflected the onset of his symptoms when Dr. Murrell presented the inconsistencies to him. Dr. Murrell reported that, "[w]hile I would like to accept this as the case, to do so would essentially require me to believe that every provider either misrepresented the history or misunderstood Mr. Jones's complaints." Dr. Murrell refused to accept that all the medical providers incorrectly failed to associate Mr. Jones's symptoms to a work injury, and thus he could

not conclude, to a reasonable degree of medical certainty, that a work incident caused Mr. Jones's herniated disk.

Greenheck challenged Mr. Jones's credibility. It submitted a 2010 medical record revealing that he received treatment for back pain radiating into his left leg. Mr. Jones testified that his medical providers incorrectly reported the medical history.

Greenheck also challenged his account of the circumstances surrounding his report of injury. Ms. Sisk testified that she handled his claim for Greenheck. She testified that he worked his regular shift on April 27 and April 28. Mr. Jones was not scheduled to return to work until May 2. On that date, he told Ms. Sisk he hurt his back and would not be in. He did not work May 3, but on May 4 he presented a work note from the emergency room permitting him to return to light-duty work.[2] Ms. Sisk told him that he could not return to work until he produced a full medical release since he did not claim a work injury. Mr. Jones returned on May 5 with a full medical release and worked his scheduled shift without difficulty. On his next-scheduled workday, Mr. Jones contacted Ms. Sisk and told her he injured his back at work on April 27. She had him complete workers' compensation documents and provided a panel.

Ms. Sisk further testified that she reviewed video of Mr. Jones performing his job on April 27 and April 28. She stated that the video showed him performing his regular duties without a work incident or visible injury. His supervisor reported that Mr. Jones worked full duty on May 5 without difficulty. Afterward, Ms. Sisk turned the investigation over to Greenheck's carrier.

Jena Burlison testified that she worked as a family nurse practitioner at the clinic that allegedly provided the May 5 full work release. She denied providing Mr. Jones medical services. After reviewing the work note submitted by Mr. Jones, she testified that she did not issue or sign the note.

### Findings of Fact and Conclusions of Law

At an Expedited Hearing, Mr. Jones must provide sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Specifically, resolution of the present issue turns on whether Mr. Jones suffered a work-related injury.

An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment

---

[2] Mr. Jones agreed that on May 4, 2016, he told emergency room personnel that his pain was so severe that he crawled on the floor because he could not walk.

contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(13)(B) (2018). Medical evidence is generally required in order to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Willis v. All Staff*, No. M2016-01143-SC-R3-WC, 2017 Tenn. LEXIS 455, at *13 (Tenn. Workers' Comp. Panel Aug. 3, 2017). The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation, but this presumption shall be rebuttable by a preponderance of the evidence. Tenn. Code Ann. §50-6-102(14)(E). Also, "a trial judge has the discretion to determine which testimony to accept when presented with conflicting expert opinions." *Bass v. The Home Depot U.S.A., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9-10 (May 26, 2017) (internal citations omitted).

Here, the Court need not choose between the medical opinions because there is no conflict. Each physician diagnosed a herniated disk and reviewed the medical history presented to determine the cause. Dr. Schroerlucke based his causation opinion on the history Mr. Jones reported. After reviewing prior medical records for the first time during his deposition, Dr. Schroerlucke concluded that a causation opinion based on an incomplete and faulty history was speculative. Dr. Murrell agreed.

Significantly, Tennessee law has long held that medical proof is not to be "read and evaluated in a vacuum" but instead must be considered in conjunction with the lay testimony of the employee as to how the injury occurred and the employee's subsequent condition." *Thomas v. Aetna Life and Cas. Co.,* 812 S.W.2d 278, 283 (Tenn. 1991). In matters such as this, witness credibility plays a critical role. Indicia of witness credibility that trial courts consider include whether a witness is "calm or agitated, at ease or nervous, self-assured or hesitant, steady or stammering, confident or defensive, forthcoming or deceitful, reasonable or argumentative, honest or biased." *Kelly v. Kelly*, 445 S.W.3d 685, 694-95 (Tenn. 2014).

The Court observed Mr. Jones's hesitancy as he attempted to explain the inconsistencies in his medical history. He appeared ill at ease when confronted with his conflicting deposition testimony. Mr. Jones defensively cast blame on his medical providers for recording incorrect medical histories and on someone he claimed took his money in exchange for a false work release.

In contrast, the Court finds Ms. Burlison and Ms. Sisk provided believable testimony that Mr. Jones did not rebut. Ms. Burlison confidently and calmly denied she completed a work release for Mr. Jones, and Ms. Sisk appeared self-assured as she described her dealings with Mr. Jones.

Based on the foregoing, and absent any persuasive proof to reconcile the inconsistencies in this case, the Court holds Mr. Jones did not come forward with

sufficient evidence to likely prevail at a hearing on the merits. Thus, the Court denies his request for benefits.

IT IS, THEREFORE, ORDERED as follows:

1. Mr. Jones's request for medical benefits is denied.

2. This matter is set for a telephonic Status Hearing on **March 11, 2019, at 11:30 a.m. Central Time.** You must call toll-free at 866-943-0014 to participate in the hearing.

ENTERED January 16, 2019.

_____
**Deana C. Seymour, Judge**
**Court of Workers' Compensation Claims**

APPENDIX

Technical record:

TR1. Petition for Benefit Determination
TR2. Dispute Certification Notice
TR3. Request for Scheduling Hearing
TR4. May 8, 2018 Scheduling Hearing Order
TR5. May 22, 2018 Scheduling Hearing Order
TR6. July 5, 2018 Scheduling Hearing Order
TR7. September 10, 2018 Scheduling Hearing Order
TR8. Request for Expedited Hearing
TR9. Status Hearing Order
TR10. Affidavit of Tauris Jones
TR11. Employer's Motion to Extend Date for Submission of Proof or in the Alternative Motion to Continue
TR12. Employee's Response to Employer's Motion to Extend Date for Submission of Proof or in the Alternative Motion to Continue, with attachments
TR13. Employer's Statement Pursuant to 0800-02-21-.14(1)(b), with attachments
TR14. Employer's Witness and Exhibit List
TR15. Employee's Witness List, Exhibit List and Medical Record Submission for Expedited Hearing, with attachments
TR16. Order on Motion to Extend Date for Submission of Proof or in the Alternative Motion to Continue
TR17. Employee's Motion to Accept Late Filing of Pre-Hearing Brief
TR18. Notice of Filing Independent Medical Evaluation Report of Dr. Sam Murrell for Injury Date April 27, 2016, with attachment
TR19. Order on Employee's Motion
TR20. Employee's Pre-Hearing Statement, with attachments

Exhibits:

1. Notice of Controversy
2. Form C-41 Wage Statement
3. Agreement Between Employer/Employee Choice of Physicians selecting Dr. Clarey Dowling
4. Agreement Between Employer/Employee Choice of Physicians selecting Dr. Sam Schroerlucke
5. Dr. Sam Schroerlucke's Deposition Transcript, with exhibits
6. Medical Records submitted by Employer, excluding the 5/5/16 Armour Family Medicine work status note at page 54
7. Notice of Filing Independent Medical Evaluation Report of Dr. Sam Murrell, with attachment

8.   Written statement of Tauris Jones
9.   Work status report from Armour Family Medicine
10.  Obituary of Albert Fayne (For identification only)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on January 16, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| Emily Bragg, Employee's Attorney | | | X | ebragg@forthepeople.com |
| Catheryne L. Grant, Employer's Attorney | | | X | catherynelgrant@feeneymurray.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation

www.tn.gov/labor-wfd/wcomp.shtml

wc.courtclerk@tn.gov

1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits

☐ Medical benefits for current injury

☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name:_____    SF#:_____    DOI:_____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee


Appellee's Address:_____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***


## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___


[Signature of appellant or attorney for appellant]    _____


LB-1099   rev. 10/18                    Page 2 of 2                    RDA 11082



**Tennessee Bureau of Workers' Compensation
220 French Landing Drive, I-B
Nashville, TN 37243-1002
800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $ _____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                      RDA 11082